AO 91 (Rev. 11/11)   Criminal Complaint (modified by USAO for telephone or other reliable electronic means)

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

United States of America )
v. )
) Case No.   2:21-mj-390
JUSTIN ANDREW HOWARD aka: "J-Money" )
)
)
)

*Defendant(s)*

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of   October 5, 2020   in the county of   Franklin   in the
Southern   District of   Ohio  , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| | See Attachment A |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT

☑ Continued on the attached sheet.

*Complainant's signature*

TFO CHRISTOPHER ELLISON, DEA
*Printed name and title*

Sworn to before me and signed in my presence.

Chelsey M. Vascura
United States Magistrate Judge
*Judge's signature*

Date:   6/2/2021

City and state:   COLUMBUS, OHIO   Chelsey M Vascura - United States Magistrate Judge
*Printed name and title*

## ATTACHMENT A

**COUNT ONE:**

On or about October 5, 2020, in the Southern District of Ohio, **JUSTIN ANDREW HOWARD aka "J-Money"**, did knowingly and intentionally possess with the intent to distribute controlled substances, namely: 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, in violation of Title 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii), and 40 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenyl-ethyl)-4-piperidinyl] propenamide (commonly known as fentanyl), a Schedule II controlled substance, in violation of §§ 841(a)(1) and 841(b)(1)(B)(vi).

**COUNT TWO:**

On or about October 5, 2020, in the Southern District of Ohio, **JUSTIN ANDREW HOWARD aka "J-Money"**, did knowingly and intentionally possess a firearm in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States -- namely, knowingly and intentionally possessing with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1), all in violation of 18 U.S.C. § 924(c)(1)(A).

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Christopher L. Ellison, (hereafter referred to as the Affiant) being duly sworn depose and state:

1. I am employed as a Sergeant for the Ohio State Highway Patrol, currently assigned full-time as a Task Force Officer (TFO) with the Drug Enforcement Administration (DEA), Columbus District Office. As such, I am an "investigative or law enforcement officer" of the United States within the meaning of Title 18 U.S.C. § 2510(7), that is, an officer of the United States empowered by law to conduct criminal investigations and make arrests for offenses enumerated in Title 18 U.S.C.§ 2516. Your affiant has been employed by the State of Ohio as a "Law Enforcement Officer," as defined in the Ohio Revised Code Section 2901.01 since 2004. Your affiant is empowered to investigate, to make arrests with or without warrants and to execute search warrants under the authority of Title 21 U.S.C. § 878 and the Ohio Revised Code.

2. Prior to being assigned to the DEA Task Force, your affiant was the assistant commander of an inter-agency collaborative between the Ohio State Highway Patrol, Cincinnati Police Department, and DEA – Cincinnati from 2017-2018, the assistant commander of the Ohio State Highway Patrol Wilmington District Criminal Patrol Unit from 2016 – 2017, assigned as a Task Force Officer with the West Central Ohio Crime Task Force in Lima, Ohio from 2014 – 2016, and assigned as a road patrol trooper from 2004 – 2014.

3. During the course of my law enforcement career, I have had experience in debriefing defendants and interviewing participating witnesses, cooperating individuals and other persons who have personal knowledge and experience regarding the amassing, spending, conversion, transportation, distribution, and concealment of records and proceeds of trafficking in controlled substances. As a task force officer and police officer, I have participated in the execution of numerous search warrants at the residences and businesses of narcotics traffickers, safe houses, houses used for trafficking and consuming of narcotics, and have participated in numerous arrests for drug related offenses. I have drafted and conducted supervisor review of numerous search warrants. In addition, I have participated in investigations and successful prosecution of individuals and organizations involved in trafficking heroin, cocaine, cocaine base ("crack"), marijuana, methamphetamine and other controlled substances as defined in 21 U.S.C.§ 801.

## PURPOSE OF AFFIDAVIT

4. This affidavit is made in support of an application for a federal arrest warrant and criminal complaint against **JUSTIN ANDREW HOWARD aka: "J-Money"** for:

    a. knowingly and intentionally possessing with the intent to distribute controlled substances, namely: 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, in violation of Title 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii), and 40 grams or more of a mixture and substance containing a

1

      detectable amount of N-phenyl-N-[1-(2-phenyl-ethyl)-4-piperidinyl] propenamide (commonly known as fentanyl), a Schedule II controlled substance, in violation of §§ 841(a)(1) and 841(b)(1)(B)(vi); and

    b. knowingly and intentionally possessing a firearm in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States -- namely, knowingly and intentionally possessing with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1), all in violation of 18 U.S.C. § 924(c)(1)(A).

5. My knowledge of this investigation is based upon my own personal observations, as well as the observation and investigation conducted by other law enforcement officers knowledgeable of the facts and circumstances involved in the subject investigation. I have not included in this Affidavit all the facts known to me, but only that information sufficient to establish probable cause to believe that **JUSTIN ANDREW HOWARD aka: "J-Money"** has committed the above-referenced violations.

## FACTS SUPPORTING PROBABLE CAUSE

6. On October 5, 2020, Columbus Division of Police (CPD) Officer Scott Gibson was working uniform special duty at the Lowe's store located at 3899 S. High Street, Columbus, Ohio. Officer Gibson observed a Dodge Ram truck parked in the Lowe's parking lot. Officer Gibson conducted a registration check on the truck and learned the dealer plate was reported as replaced. As such, a police officer may confiscate the plate on behalf of the registrar. Based on his experience and training, Officer Gibson identified the registration violation to be an indicator of a possible stolen vehicle. Officer Gibson requested a regular duty uniform patrol officer to assist with a possible stolen vehicle investigation.

7. Shortly thereafter, Officer Gibson observed two males approach the Dodge Ram truck. One male remains unidentified, hereinafter referred to as UM, and one was later identified as Justin Andrew HOWARD. HOWARD approached the truck and used a key fob to unlock the truck. Officer Gibson asked HOWARD if he owned the truck. HOWARD affirmed that he was the owner and stated that he had a title at home. Officer Gibson told HOWARD the truck could not be moved until proof of ownership was verified. HOWARD and UM walked away from Officer Gibson and got into a second vehicle that was in the parking lot. HOWARD then exited the second vehicle and approached the truck while UM remained in the second vehicle. HOWARD entered the passenger side of the truck against Officer Gibson's orders to stay out of the truck. Officer Gibson opened the driver's door of the truck and observed HOWARD grab a bag from the backseat and remove it from the truck. UM then drove the second car through the parking lot and parked directly next to the truck. HOWARD then got into the second car, taking the bag from the back seat with him. UM and HOWARD then fled from the area in the second vehicle.

8. Officer Gibson and assisting CPD patrol officers located three different vehicle identification numbers (VIN) on the Dodge Ram vehicle: the dash VIN returned to a 2017

2

|   |   |
|---|---|
|   | Jeep and the door VIN returned to a 2010 Dodge Charger. A frame VIN returned to the actual vehicle and revealed the vehicle to be reported as stolen by the Fairfield County (Ohio) Sheriff's Office. |
| 9. | Officers then conducted an administrative inventory of the vehicle in accordance with CPD procedures. A credit card issued to Justin HOWARD was located inside the truck. Officer Gibson viewed photographs of HOWARD and confirmed HOWARD to be the male that had keys to the truck and removed the bag from the truck. A large bag of methamphetamine was additionally located during the administrative inventory. The truck was towed to CPD impound and stored at the city impound lot. |
| 10. | On October 21, 2020, CPD Detective Patete presented a search warrant to Honorable Jodi L. Thomas of the Franklin County Municipal Court requesting authorization for a search of the Dodge Ram. Judge Thomas reviewed the search warrant and supporting documents and issued the search warrant. |
| 11. | Detective Patete immediately executed the search warrant and conducted a thorough search of the truck. An H&R .32 caliber revolver and a bag of fentanyl was located inside the truck. |
| 12. | The methamphetamine and fentanyl that was seized from the Dodge Ram was submitted to the Columbus Police Crime Laboratory and was confirmed to be approximately 425.435 grams of methamphetamine and approximately 59.227 grams of fentanyl. |
| 13. | The H&R revolver that was seized from the Dodge Ram was submitted to the Columbus Police Crime Laboratory and was found to be in operable condition. |
| 14. | Based upon my experience and training, I am aware that the above quantities of methamphetamine and fentanyl possessed by HOWARD are distribution quantities. |

//

//

//

//

//

//

//

//

15. Based upon this information, your affiant believes probable cause exits that on the above dates, in the Southern District of Ohio, **JUSTIN ANDREW HOWARD aka: "J-Money"**:

    a. knowingly and intentionally possessed with the intent to distribute controlled substances, namely: 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, in violation of Title 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii), and 40 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenyl-ethyl)-4-piperidinyl] propenamide (commonly known as fentanyl), a Schedule II controlled substance, in violation of §§ 841(a)(1) and 841(b)(1)(B)(vi); and

    b. knowingly and intentionally possessing a firearm in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States -- namely, knowingly and intentionally possessing with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1), all in violation of 18 U.S.C. § 924(c)(1)(A).

_____
Christopher Ellison
Task Force Officer
Drug Enforcement Administration

Sworn before me on this __2__ day of June, 2021, in Columbus, Ohio.

_____
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE

4